NO. **067 247756 10**

| | | |
|---|---|---|
| MICHAEL C. KING, JR. AND DIANA KING, BOTH INDIVIDUALLY AND AS NEXT FRIEND OF MICHAEL C. KING, III, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | ____ JUDICIAL DISTRICT |
| ENERGIZER HOLDINGS, INC., Defendant. | § § § | OF TARRANT COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Michael C. King, Jr. and Diana King, both individually and as next friend of Michael C. King, III (hereinafter called Plaintiffs), complaining of and about Energizer Holdings, Inc. (hereinafter called Defendant), and for cause of action show unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

#### PARTIES AND SERVICE

2. Plaintiffs' address is 6720 Fall Meadow Drive, Fort Worth, Texas 76132.

3. The last three digits of the driver's license number of Michael C. King, Jr. are 819. The last three digits of the social security number for Michael C. King, Jr. are 580.

4. The last three digits of the driver's license number of Dianna King are 286. The last three digits of the social security number for Dianna King are 867.

5. Plaintiffs bring this action both individually and as next friend of Michael C. King, III (hereinafter, Michael), an individual. Michael is a minor and does not have a driver's license. The last three digits of the social security number for Michael are 776.

EXHIBIT D1

6. As used herein, "Plaintiffs" shall include not only named Plaintiffs, but also persons whose claims are being represented by a Plaintiff or persons from whose injuries or death the Plaintiffs' claims are derived.

7. Defendant, a non-resident corporation, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at Energizer Holdings, Inc., Attn: Legal Department, 533 Maryville University Drive, St. Louis, Missouri 63141. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. This court has jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Plaintiffs would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over Defendant.

11. Furthermore, Plaintiffs would show that Defendant engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil

Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

12. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13. Sometime prior to January 29, 2003, Plaintiffs purchased a button battery, specifically an Energizer Battery - Model CR2025 (hereinafter the "Battery"), which was manufactured, marketed and sold by Defendant to nationwide wholesalers and retailers.

14. On or about January 29, 2003, Michael, while obtaining the battery as was foreseeable and/or as an anticipated misuse, removed and swallowed the Battery. As a result, Michael was permanently injured when the Battery became lodged in his throat and the contents of the Battery leaked from their housing into Michael's upper esophagus causing a severe chemical burn, and a distinct multi-fold risk ratio from the usual risk of esophageal cancer.

15. Plaintiff is informed and believes, and, based on that information and belief, alleges that the Battery's packaging was original and the condition of the Battery remained unchanged from the time Defendant manufactured and delivered the Battery for sale to the public through to the time that Michael removed it from its sealed package and swallowed it on January 29, 2003.

## LIABILITY OF ENERGIZER HOLDINGS, INC. FOR STRICT LIABILITY

16. Plaintiffs hereby incorporate each allegation contained in all of the above paragraphs, inclusive, as though fully re-alleged in this cause of action.

17. Defendant manufactured and sold the Battery to consumers within the stream of commerce. Defendant intended and expected that the Battery, so introduced and passed on in the course of trade, would ultimately reach a consumer or user in the condition in which it was originally sold.

18. Plaintiffs allege that the Battery was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was sold in that:

   A. The Battery failed to perform as safely as an ordinary consumer would expect in its intended or reasonably foreseeable use or manner of operation; and/or,

   B. The Battery had inherent risks of danger that outweighed its benefits; alternate and safer substitute products existed and the state-of-the-art required their use given the seriousness of the potential danger, likelihood of its occurrence, feasibility, cost and adverse consequences to the product and to the consumer of a safer alternative design.

   C. The battery presented risks of harm that the ordinary consumer with ordinary knowledge of the risk associated with the product would not foresee the risk of harm it presented to the ordinary consumer with ordinary knowledge of the risks.

19. The Battery was defectively designed and unreasonably dangerous because it was not packaged in a reasonable manner given the extreme risk of harm that it posed to infants and young children, known to the manufacturer, and Michael C. King, III was able to easily remove the Battery from its original packaging and ingest it, as occurs with regularity with this product made by this defendant, it lodged in Michael's throat, leaked toxic and carcinogenic chemicals, causing permanent injury to his upper esophagus, and a high risk of cancer.

20. Plaintiffs therefore invoke the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiffs would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

21. Defendant knew or should have known of the dangerous propensities of the Battery and recklessly distributed and marketed the Battery with inadequate warning of its dangers.

22. Defendant's products reached Plaintiffs without substantial change in its condition.

23. It was reasonably foreseeable by Defendant, that persons such as Michael would swallow the Battery, and knew it presented an extreme risk of harm.

24. The defective design of the Battery and its Marketing Defects, including a failure to warn were each a proximate cause of Michael's injuries.

25. Defendant's conduct was motivated by their financial interests, Defendants consciously disregarded the safety of users, and persons exposed to their products, and were consciously willing to permit their products and premises to injure people, including Michael.

26. Defendant's conduct was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of end users of their respective products, including Michael. Plaintiff seeks punitive and exemplary damages for their unconscionable and reckless conduct.

### LIABILITY OF ENERGIZER HOLDINGS, INC. FOR NEGLIGENCE IN MANUFACTURE DESIGN, AND MARKETING

27. Plaintiffs hereby incorporate each allegation contained in all of the above paragraphs, inclusive, as though fully re-alleged in this cause of action.

28. In addition, Plaintiffs would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence and fault of Defendant in one or more of the following respects, or by combination thereof:

    A.    Failing to properly design the original packaging to safely secure the Battery;

    B.    Failure to design the Battery's exterior casing/housing and/or other systems of the Battery to prevent it from leaking;

    C.    Failing to design the Battery to include a guard or shield on it as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances.

29.    Plaintiffs cannot more specifically allege the act of negligent design on the part of Defendant aside from Defendant's failure to design the Battery in question and its packaging in a manner which would have made the battery reasonably safe for use and misuse by children as it is presumed to know of the dangers associated with the product; further, in the alternative, Plaintiffs rely on the doctrine of <u>Res Ipsa Loquitur</u> in establishing the extreme risk of harm.

30.    In this connection, Plaintiffs will show the court that the design of the Battery and its packaging was within the exclusive control of Defendant, and that this defendant knows how to make the container and package impervious to children inadvertently opening the package, and it does so on some of its batteries both large and small; further, Plaintiffs had no means of ascertaining the method or manner in which the product was designed, and it was used by Plaintiffs in the same condition it was in when it left control of Defendant. Defendant's products were used in a manner reasonably foreseeable to Defendant, which Defendant intended or knew they would be used, or for which they marketed them or knew they were marketed to be used.

31.    The occurrence causing harm to Plaintiffs, as described above, was one which, in the ordinary course of events, would not have occurred without negligence and fault on the part of Defendant. Thus, Defendant was negligent in the design of the Battery and its packaging, its marketing, and this negligence was a proximate cause of the injuries and damages sustained by Plaintiffs.

32. In addition, Defendant was negligent because the warnings and directions for use of the Battery were not sufficient to inform Plaintiffs adequately of the dangers attending its use and the precautions necessary to avoid injury in the following respects:

> A. Failing to warn that the battery was in a flimsy package and that hundreds of children had ingested them in the past, and, if swallowed, especially by children, the Battery could become lodged in the throat and cause severe chemical burns or other serious injury, including potentially, cancer;
>
> B. Failing to warn that if the Battery becomes lodged in a persons throat, especially a child's, the Battery, or contents thereof, can cause serious injuries, including death, in a very short amount of time; and
>
> C. Failing to warn that if swallowed, persons should seek immediate emergency medical attention to have the Battery immediately removed, and all of these failures to warn were deliberate and calculated to protect the defendant's illicit profits.

### LIABILITY OF ENERGIZER HOLDINGS, INC. FOR BREACH OF WARRANTY

33. Plaintiffs hereby incorporate each allegation contained in all of the above paragraphs, inclusive, as though fully re-alleged in this cause of action.

34. In addition, Defendant expressly and impliedly warranted to the public generally, that the Battery was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiffs relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

35. Plaintiffs reasonably relied on the skill, knowledge and judgment of Defendants in Plaintiff's use of the products as a basis of the bargain under which the products were bought and used.

36. The Battery was neither safe for its intended use nor of merchantable quality or fit for use as warranted by Defendants, in that the Battery had dangerous propensities when put

to the use for which Defendants knew or intended it was marketed or sold, and could cause severe injury to users such as Michael C. King, III.

37. As a result of such breach of warranties by Defendant, Plaintiff suffered serious and permanent injuries and damages.

## EXEMPLARY DAMAGES

38. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with deliberate and reckless conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

39. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant for malicious conduct.

## DAMAGES FOR INJURED PARTY, MICHAEL C. KING, III

40. As a direct and proximate result of the occurrence made the basis of this lawsuit, the subject of this lawsuit, Michael C. King, III, was caused to suffer serious personal injury, and has incurred the following damages:

> A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;
>
> B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C.  Physical pain and suffering in the past;
>
> D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future, with fear of cancer that will become more potentiated with age;

G.  Loss of earning capacity which will, in all probability, be incurred in the future;

H.  Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

I.  Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.  Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

K.  Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

L.  Disfigurement in the past;

M.  Disfigurement in the future;

N.  Mental anguish in the past;

O.  Mental anguish in the future;

P.  Fear of future disease or condition; and

Q.  Cost of medical monitoring and prevention in the future.

## REQUEST FOR DISCLOSURE

41.  Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose within fifty (50) days of the service of this request the information described in Texas Rule of Civil Procedure 194.2. See Tex. R. Civ. P. 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Michael C. King, Jr., and Diana King, both individually and as Next Friend of Michael C. King, III, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages for malicious conduct, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity, **AND TRIAL BY JURY.**

Respectfully submitted,

FOSTER & SEAR, LLP

By: *Scott W. Wert*

Scott W. Wert, 00794835
T. Brian Barr, 24048338
817 Greenview Dr.
Grand Prairie, TX 75050
Tel. (817) 633- 3355
Fax (817) 633- 5507

Law Offices of S. Reed Morgan, P.C.
S. Reed Morgan, 14452300
413 Eighth Street
Comfort, TX, 78013
Tel. (830) 995-2464
Fax (830) 995-2728

Attorneys for Plaintiffs

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**